(April 2, 1953.)

(Republish.)

■

In the Matter of JOSEPH P. RYAN, Individually and as President of the International Longshoremen's Association, as President of the Atlantic Coast District of the International Longshoremen's Association, and as a Member of the Joseph P. Ryan Association, Appellant. FRANK S. HOGAN, as District Attorney of New York County, Respondent.— Order modified in accordance with the opinion herein and, as so modified, affirmed. Opinion *Per Curiam.* Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Breitel, JJ.; Breitel, J., dissents and votes to dismiss the appeal in dissenting opinion. Settle order on notice. [See *ante,* p. 953.]

(April 7, 1953.)

■

In the Matter of ESTHER S. GIMPRICH, Respondent, against BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.

PECK, P. J. (dissenting). This is an article 78 proceeding to review the action of defendants, in refusing to give plaintiff, a teacher, claimed credit for outside teaching experience. The proceeding was instituted more than four months after the determination which is sought to be reviewed. Petitioner contends that there is no time limitation upon such a proceeding because allegedly defendants were under a continuing statutory duty to accord petitioner the credit she claims.

If this were a case in which the credit followed as a matter of law, without any intervening fact-finding or fact-weighing or exercise of judgment upon the part of defendants, I would agree that petitioner was correct in this contention. The matter of credit for outside teaching experience was not automatic in this case, however. The statute required an "evaluation" of petitioner's outside teaching experience by defendants. That the evaluation called for was not automatic and that the result did not follow as a matter of law was demonstrated by the fact that a trial of the proceeding was required to ascertain the facts and determine whether defendants' judgment was warranted on the facts.

It seems to me that a proceeding to review such a determination is subject to the time limitation of section 1286 of the Civil Practice Act and properly so. I find nothing in the cases cited by petitioner to support a contrary ruling.

Cohn, Callahan and Breitel, JJ., concur in decision; Peck, P. J., dissents in opinion.

Order affirmed, with $20 costs and disbursements to respondent. No opinion.